```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                    CHARLESTON DIVISION
```

**CONNIE ESTELLE JOHNSON, CONSERVATOR
FOR NORA LEIGH SMALL,**

      Plaintiff

v.                                   Civil Action No. 2:09-cv-0970

**JAMES BILLINGS TRUSTEE OF THE
SMALL FAMILY TRUST DATED JUNE
26, 2009, FAYETTE COUNTY
NATIONAL BANK, N.A. and UNITED
BANK, INC.,**

      Defendants

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is the motion to remand filed by plaintiff on September 25, 2009.

I.

This action was instituted in the Circuit Court of Fayette County, West Virginia, on August 13, 2009. Plaintiff, a Virginia resident, was appointed conservator of her aunt Nora Leigh Small on July 31, 2009, by the Circuit Court of Fayette County. (Mot. Remand Ex. A). Ms. Small is an 80-year-old West Virginia resident who the circuit court deemed to be a protected person under West Virginia Code § 44A-1-4. (Mot. to Remand Ex.

1

A).  Ms. Small holds accounts with both of the defendant banks. On August 28, 2009, Ms. Small submitted to a psychological evaluation ordered by the circuit court, whereupon she was determined to be "incompetent to make informed medical or financial decisions" by the psychologist.  (Obj. to Mot. to Remand Ex. C at 9).

Defendant James Billings, trustee of the Small Family Trust, is a resident of Virginia.  (Not. of Removal 2).  Billings proclaims himself to be Ms. Small's long-time attorney and friend.  (Mem. Supp. Obj. to Mot. Remand 2).  In May 2009, Billings assisted Ms. Small in placing her assets in a trust he purports to be "sitused in Nevada," of which he is currently the named trustee.  (Obj. to Mot. Remand 1).

Defendant Fayette County National Bank, N.A., a national banking association, and defendant United Bank, Inc., a West Virginia state chartered bank, denied plaintiff access to Ms. Small's bank accounts inasmuch as the accounts are property of the Small Family Trust.  (Mot. to Remand 1).  Plaintiff initiated this action asking the court to declare the Small Family Trust void, to require the defendant banks to provide her access to Ms. Small's accounts, and to enjoin Billings from dealing with any of Ms. Small's assets.  Billings removed on

August 27, 2009, invoking the court's diversity jurisdiction. (Not. of Removal 2).

## II.

A party may remove a case from state court to federal court when the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); Mulcahey v. Columbia Organic Chemicals, Co., 29 F.3d 148, 151 (4th Cir. 1994). United States "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. 28 U.S.C. § 1332(a)(1). Generally, the party seeking removal bears the burden of showing that federal jurisdiction exists. Mulcahey, 29 F.3d at 151 (4th Cir. 1994).

In her motion to remand, plaintiff raises three issues: 1) whether there is complete diversity among the parties, 2) whether unanimity of consent among defendants is required for removal, and 3) whether the amount in controversy exceeds $75,000. It is only necessary to address the first issue.

The complete diversity requirement is satisfied "when

no party shares common citizenship with any party on the other side." Mayes v. Rapoport, 198 F3d. 457, 461 (4th Cir. 1999). Plaintiff asserts that the common Virginia citizenship of plaintiff and Billings impedes complete diversity. Billings asserts that it is not his citizenship that is considered for diversity purposes, but rather the citizenship of the trust, as he is being sued in his capacity as trustee. Neither of these assertions is determinative of the existence of diversity.

In determining whether diversity jurisdiction exists, the court must look to the citizenship of the parties in interest. 6A Wright, Miller & Kane, Federal Practice & Procedure § 1556 (3d ed.). The diversity statute of the United States Code states, "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. §1332(c)(2). Ms. Small, a West Virginia citizen, was deemed incompetent by a court-ordered psychological evaluation and plaintiff was appointed her conservator. As Ms. Small's conservator, plaintiff is deemed to be a citizen of West Virginia in this action under 28 U.S.C. §1332(c)(2).

While plaintiff's citizenship is diverse from that of Billings, such is not the case as to the other defendants.

4

Inasmuch as United Bank is a West Virginia chartered bank, it is also a West Virginia citizen, thus defeating complete diversity. <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 306 (2006) (noting that most state-chartered banks are deemed to be citizens of the states by which they have been incorporated).

### III.

Based on the foregoing, it is ORDERED that the plaintiff's motion to remand be, and it hereby is, granted. It is further ORDERED that this action be, and it hereby is, remanded to the Circuit Court of Fayette County.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: November 20, 2009

_____
John T. Copenhaver, Jr.
United States District Judge